UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID HECHT, individually and on behalf of others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**THE HERTZ CORPORATION,**<br><br>Defendant. | Civ. No. 2:16-cv-01485 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff David Hecht brings this putative class action against Defendant The Hertz Corporation ("Hertz"), alleging that Hertz violated New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. § 56:12-14 *et seq*. (the "TCCWNA"). This matter comes before the Court upon Hertz's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Hertz's motion to dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED** without prejudice.

I.  BACKGROUND

The following facts are drawn from Plaintiff's First Amended Complaint ("FAC") and are taken as true for purposes of this motion.

Plaintiff is a resident of Bergen County, New Jersey. FAC ¶ 2. Defendant Hertz is a corporation incorporated in Delaware with its principal place of business located in Florida. *Id*. ¶ 4. Hertz is registered to do business in New Jersey, and rents cars to customers from more than 10,000 corporate and franchise locations in approximately 145 countries around the world. *Id*.

Hertz's website allows customers to reserve rental cars in advance and prepay for those reservations. *Id*. ¶¶ 5. For the past six years, Plaintiff has used Hertz's website to rent cars. *Id*. ¶ 2-3. During this time period, Plaintiff has also been a member of Hertz's "Gold Plus Rewards Program" (the "Gold Program"). *Id*. ¶ 2. The Gold Program allows participants to "bypass the rental counter entirely and proceed directly to their vehicles upon arrival at a Hertz facility." *Id*. ¶ 6. Members of this program "are also eligible to

1

earn Gold Plus Rewards points that may be redeemed for free rental days or converted to awards of other companies' loyalty programs." *Id*.

### The Terms and Conditions at Issue

On Hertz's website, the company presents a "General Terms and Conditions of Use," which states that Hertz "offer[s] this website, subject to the following terms and conditions ('Agreement')." *Id*. ¶11.  It further states that, "by using this website, you accept the terms and conditions set forth in this Agreement." *Id*.  The Agreement is governed by New Jersey law and contains a forum selection clause providing for venue in New Jersey federal or state court. *Id*. ¶¶ 12-13.

The Agreement contains the following provision: "Except as otherwise required by law or as otherwise expressly stated by us, price, rate, and availability of products or services are subject to change without notice." *Id*. ¶¶ 14-16.  It further states:

> **Void Where Prohibited.** Although this website is accessible worldwide, not all products or services discussed or referenced in this website are available to all persons or in all geographic locations or jurisdictions. In addition, restrictions may apply to use of products or services obtained in one jurisdiction in other jurisdictions. Those who choose to access this website do so on their own initiative and at their own risk, and are responsible for compliance with their local laws, if and to the extent such local laws are applicable.

*Id*. ¶¶ 17-18.  Hertz's Gold Program's Terms and Conditions also states that "Gold Plus Rewards offers are void where prohibited by law." *Id*.

### The Alleged TCCWNA Violations

The TCCWNA states, in relevant part:  "No consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey[.]"  N.J.S.A. § 56:12-16.  The TCCWNA allows for $100 in statutory damages to any "aggrieved consumer." N.J.S.A. § 56.12-17.

Plaintiff alleges that Hertz's Agreement and Gold Program Terms each violate the TCCWNA.  First, the Agreement violates the TCCWNA because "Hertz fails to specify whether New Jersey is one of the jurisdictions where an exception applies to the [Agreement's] provision that 'price, rate and availability of products or services are subject to change without notice.'" FAC ¶ 33.  Second, both the Agreement and Hertz's Gold Program Terms violate the TCCWNA because: (1) Hertz fails to specify whether those provisions are or are not "void, unenforceable, or inapplicable to reservations made

by New Jersey citizens," and (2) Hertz "fails to specify whether the State of New Jersey is or is not one of the places where the law requires otherwise." *Id*. ¶¶ 33-36.[1]

Hertz now moves to dismiss the FAC pursuant to Rule 12(b)(1) for lack of standing. ECF doc. 25 (Mot.).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of standing. Fed. R. Civ. P. 12(b)(1); *see also Society Hill Towers Owners' Ass'n v. Rendell,* 210 F.3d 168, 175 (3d Cir. 2000). To meet the "irreducible constitutional minimum" of Article III standing, a Plaintiff bears the burden of establishing three elements: (1) that he has suffered an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, No. 15-3289, __ F.3d __, 2016 WL 4651381 at *5 (3d Cir. Sept. 7, 2016).

As is relevant here, to establish that he suffered an "injury in fact," a Plaintiff must show "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal citations and quotation marks omitted). In May 2016, the Supreme Court confirmed that "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547-58 (2016). In other words, the Court explained, a Plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id*. at 1549.

## III.    DISCUSSION

The narrow question presently before the Court is whether Plaintiff has sufficiently alleged that he suffered a "concrete harm" as needed to meet the injury-in-fact requirement of Article III standing. He has not.

In *Spokeo*, the Supreme Court provides the following examples of "bare procedural violation[s]" which do not satisfy the injury-in-fact requirement of Article III. Under the Fair Credit Reporting Act, consumer reporting agencies are subject to a series of procedural requirements. The Supreme Court explained that:

> [E]ven if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate. In addition, not all inaccuracies cause harm or

---

[1] In his FAC, Plaintiff also requests declaratory relief related to an arbitration provision; because the pending motion to dismiss does not relate to this request, the Court will not address this claim.

> present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm.

*Spokeo*, 136 S. Ct. at 1550. The present case is on all fours with the above examples. In his FAC, Plaintiff sets forth bare statutory violations but does not describe a single concrete harm resulting from these violations.[2] Importantly, Plaintiff does not even allege that any of the provisions in either the Agreement or the Gold Plus Terms are, in fact, unenforceable or invalid in New Jersey. If all of the provisions are ultimately enforceable in New Jersey, this is directly analogous to a case in where a consumer reporting agency fails to notify a user of the agency's consumer information, but the information itself is accurate. Put another way, there can be no concrete harm resulting from a situation where a Plaintiff did not know whether the provisions were "void, unenforceable or inapplicable to reservations made by New Jersey citizens," but these provisions ultimately were enforceable, *i.e.*, Plaintiff was able to access the full panoply of benefits offered. *See Lee v. Verizon Commc'ns, Inc.*, No. 14-10553, 2016 WL 4926159, at *2 (5th Cir. Sept. 15, 2016) (holding that Plaintiff's allegation of an "invasion of a statutory right to 'proper plan management' under ERISA" did not establish a concrete harm "where there was no allegation of a real risk that Plaintiff's defined-benefit-plan payments would be affected").

In his opposition brief, Plaintiff argues that his claims meet Article III's standing requirements for two separate reasons. First, Plaintiff maintains that his "alleged injuries are sufficiently 'concrete' before they are the very harms that the New Jersey legislature intended to prevent." Pl. Opp. at 8-9. Second, Plaintiff contends that his alleged injury is that he was "kept in the dark" regarding whether all of the provisions of Hertz's terms and conditions applied or did not apply in New Jersey. *Id*. Both arguments miss the mark.

First, as explained in *Spokeo*, Congress cannot erase the standing requirements by statutorily granting a Plaintiff a right to sue when he would not have that right otherwise. The same principle unquestionably applies to a state legislature. *See Zia v. CitiMortgage, Inc.*, No. 15-CV-23026, 2016 WL 5369316, at *3 (S.D. Fla. Sept. 26, 2016) (stating that, "whatever the veracity of [the principle that a state statute automatically confers standing] may have been prior to *Spokeo*, the principle has been rendered a nullity in its wake"). Plaintiff tries to distinguish *Spokeo* by arguing that here, the "concrete harm" actually occurred because there existed "consumer contracts that do not state whether certain provisions are or are not applicable in New Jersey." But this is just another way of saying that a bare procedural violation is itself a concrete harm – a principle explicitly rejected by the Supreme Court. *See Braitberg v. Charter Commc'ns, Inc.*, No. 14-1737, 2016 WL 4698283, at *4 (8th Cir. Sept. 8, 2016) (holding that Plaintiff who alleged only that a company violated a procedural duty to destroy personally identifiable information,

---

[2] For purposes of this Opinion, the Court assumes, without deciding, that the relevant provisions are actually violative of the TCCWNA.

without alleging any resulting harm – such as disclosure to a third party or misuse of that information – did not have standing under *Spokeo*).

Second, Plaintiff claims that he suffered a concrete injury because he was "kept in the dark" regarding the applicability of certain provisions. But Plaintiff does not allege that he even viewed (let alone, relied upon to his detriment) either of these sections of Hertz's website. And, as explained above, if those provisions are ultimately applicable, it is hard to imagine what concrete harm Plaintiff suffered, even if he was "kept in the dark." *See Spokeo*, 136 S. Ct. at 1550. The cases Plaintiff supplies in support of his position are inapposite to the one presently before the Court. In both Third Circuit cases that Plaintiff cites – *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 273 (3d Cir. 2016), and *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125, 134 (3d Cir. 2015) – the Third Circuit found that a concrete harm existed *not* by virtue of a mere procedural violation, but because Plaintiff's privacy was invaded, "a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Spokeo*, 136 S. Ct. at 1549. Plaintiff has alleged no such basis for standing here.

At bottom, Plaintiff's FAC presents the quintessential "bare procedural harm, divorced from any concrete harm," which cannot "satisfy the injury-in-fact requirement of Article III." *Spokeo* at 1549-50. Accordingly, Hertz's motion to dismiss should be **GRANTED** and the Complaint should be **DISMISSED**.

At bottom, Plaintiff's FAC presents the quintessential "bare procedural harm, divorced from any concrete harm," which cannot "satisfy the injury-in-fact requirement of Article III." *Spokeo* at 1549-50. Accordingly, Hertz's motion to dismiss is **GRANTED** and the Complaint is **DISMISSED**.

### IV.   CONCLUSION

For the reasons stated above, Hertz's motion to dismiss is **GRANTED without prejudice to Plaintiff's right to file an amended Complaint within thirty days of this Order**. An appropriate order follows.


            /s/ William J. Martini
            **WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 20, 2016**